IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK CRAIG, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | 2:15-CV-8023-LSC |
| ) | (2:11-cr-00013-LSC) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| RESPONDENT. ) | |

**MEMORANDUM OF OPINION**

**I.  Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Derrick Craig ("Craig"). (Doc. 1.) The Government has responded in opposition to the motion (doc. 8) and Craig has filed a reply brief in support of the motion (doc. 9). For the following reasons, the motion is due to be denied and this action dismissed with prejudice.

**II.   Background**

On August 29, 2011, Craig pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). As part of his written plea

agreement, Craig waived his right to appeal his conviction and sentence and to seek post-conviction collateral relief to challenge his sentence.

On January 25, 2012, this Court sentenced Craig to a total of 346 months' imprisonment: 240 months for the Hobbs Act robbery conviction and 106 months for the brandishing a firearm count, each to run consecutively with the other. Judgment was entered on January 27, 2012.

More than a year later, Craig filed a *pro se* notice of appeal on June 26, 2013, alleging ineffective assistance of counsel with regard to his defense counsel's calculation of the U.S. Sentencing Guidelines. The Eleventh Circuit appointed counsel for Craig on direct appeal. On July 8, 2014, the Eleventh Circuit granted the Government's motion to dismiss Craig's appeal as untimely, but stated that it expressed no opinion as to what determination the district court should make if presented with a § 2255 motion alleging ineffective assistance of counsel with regard to the calculation of the guidelines.

Through the same appointed direct appeal counsel, and prior to the dismissal of the direct appeal, Craig filed a § 2255 motion in this Court on June 3, 2014. The Government filed a response on October 29, 2014, waiving any procedural bars and agreeing with Craig's position that he should be resentenced.

On November 10, 2014, this Court granted Craig's § 2255 motion, vacating his sentence in *United States v. Craig*, 2:11-cr-00013-LSC-HGD-4.

In December 2014, a resentencing hearing was held and this Court resentenced Craig to 262 months' imprisonment—178 months for the Hobbs Act robbery and 84 months for the § 924(c) charge, both to run consecutively to the other. Judgment was entered on December 16, 2014.

On September 17, 2015, Craig filed the instant § 2255 motion *pro se*. He makes three interrelated arguments. He contends that the counsel who was appointed for him on direct appeal and who also represented him during his first § 2255 proceedings before this Court, including at his resentencing hearing, was ineffective for failing to argue the applicability of *Rosemond v. United States*, 134 S. Ct. 1240 (decided on March 5, 2014), to his § 924(c) conviction at his resentencing hearing in December 2014. Craig also argues that he did not enter into his 2011 guilty plea knowingly and voluntarily because the *Rosemond* case invalidated it and that he is "actually innocent" of the § 924(c) conviction by claiming that "[t]here is no evidence in the record establishing that Craig knew beforehand that a gun would be used" in the robbery.

III.   Discussion

    A.   **Craig's § 2255 Motion is Timely Filed**

The Government argues that Craig's motion should be dismissed as untimely-filed pursuant to 28 U.S.C. § 2255(f)(1) because it was not filed within one year of the original judgment of conviction and sentence becoming final, or by February 2013. The Government is wrong because when Craig was resentenced in December 2014, the one-year statute of limitations for filing a § 2255 motion started again. *See Ferreira v. Sec., Dept. of Corrs.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007) (holding that when a petitioner is resentenced after the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA's") one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement, and that new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing). While *Ferreira* concerned a § 2254 petition, a § 2255 motion should be governed similarly. The one-year for filing a § 2255 motion commences, among other things, from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The federal "judgment of conviction" should mean the same thing as a "judgment of a State court," that is, "the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Ferreira*, 494 F.3d at 1292. Accordingly, because Craig filed the instant § 2255

motion within one year of judgment being entered upon resentencing, his motion is timely. *See* 28 U.S.C. § 2255(f)(1).

### B. Craig's Appeal Waiver Bars his Motion

The Government correctly argues that the appeal waiver in Craig's signed plea agreement bars his ability to bring this § 2255 motion. Craig's written plea agreement contained an appeal waiver and a waiver of his right to collaterally attack his conviction. The waiver Craig signed read: "I waive and give up the right to challenge my conviction and/or sentence . . . or the manner in which my conviction and/or sentence . . . [was] determined in any postconviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255." *See* doc. 91 at 11 in *United States v. Craig*, 2:11-cr-0013-LSC-HGD-4. This waiver had two exceptions: Craig could appeal or later challenge "(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); and (b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time entence is imposed." *See id.* at 12. Neither is applicable to Craig's present motion.

Such waivers are valid and enforceable if made knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) (citing *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). Craig does not challenge

the applicability of his waiver, nor does he claim that he did not knowingly and voluntarily agree to it when he signed the plea agreement.

Craig does claim that his 2011 plea agreement is "no longer valid, in the face of a new U.S. Supreme Court change in law," e.g., the *Rosemond* case, decided in 2014. That is not the law, but the Court will nonetheless demonstrate why *Rosemond* does not help Craig in any event.

The *Rosemond* decision holds that the affirmative act requirement for proving aiding and abetting a § 924(c) charge is satisfied if "the defendant actively participated in the underlying drug trafficking or violent crime." 134 S. Ct. at 1243. A defendant possesses the requisite intent when he commits the affirmative act "with advanced knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* The *Rosemond* Court further stated: "The defendant's knowledge of a firearm must be advanced knowledge. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraws from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense." *Id.* at 1249.

The plea agreement Craig signed establishes that Craig was intimately involved in the planning and carrying out of the robbery. He bought a hammer,

gloves, and helped obtain the SUV that was driven during the robbery. He facilitated the crime by driving his codefendants, who possessed the firearm brandished during the robbery, to the scene of the crime, and he drove them away. He, in effect, "carried" the firearm during and in relation to the crime of violence and facilitated its use. *See Bazemore v. United States*, 138 F.3d 947, 949-50 (11th Cir. 1998). As for Craig's intent, the *Rosemond* Court made clear that a jury can "permissibly infer" that a defendant has advance knowledge if he "continues to participate in a crime after a gun was displayed or used by a confederate" and "fail[s] to object or withdraw." *Rosemond*, 134 S. Ct. at 1250 n.9. In Craig's plea agreement, he admitted that after the robbery, where the gun was brandished, he drove his fleeing confederates to the Drury Inn on Lakeshore Drive in Birmingham, AL. There, they divided up the spoils of the robbery. At no point did Craig withdraw from the crime. Even assuming, as Craig argues, that he only intended to participate in a "simple or aggravated robbery," not an "armed robbery," he did not withdraw from the underlying crime when his confederates ran out of the robbery location carrying a firearm. Craig continued to participate; accordingly, a reasonable juror, had the case been tried, could have inferred that Craig had sufficient knowledge for aiding and abetting liability. *See Rosemond*, 134 S. Ct. at 1250 n.9.

Because Craig makes no argument as to why his plea agreement was not entered into knowingly and voluntarily, the appeal waiver contained within it will be enforced against him to bar this action.

## C. Craig's "Actual Innocence" Claim Fails to Lift the Procedural Bar

Again, Craig pled guilty to aiding and abetting the § 924(c) offense. His claim is procedurally defaulted unless he can show either (1) cause for the default and actual prejudice from the error, or (2) that the Court's failure to consider his claim will result in a miscarriage of justice because he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Craig's motion seeks to show that he is "actually innocent" by claiming that "[t]here is no evidence in the record establishing that Craig knew beforehand that a gun would be used during the first bank robbery." (Doc. 2 at 9).

As an initial matter, Craig is not asserting "actual innocence" of the crime of conviction. He is mounting a legal challenge to his conviction and sentence based upon application of *Rosemond* at his resentencing. *See, e.g., Bousley*, 523 U.S. at 623-24 ("'Actual innocence'" means factual innocence, not mere legal insufficiency . . . .").

In any event, the Court has already demonstrated in the previous section that it is sufficient that Craig did not withdraw from the robbery after the gun had been

brandished by one of his co-defendants. Accordingly, any actual innocence claim fails.

Finally, because Craig's appeal waiver bars this § 2255 motion, the Court will not address the merits of his ineffective assistance of counsel claim.

## IV. Conclusion

For the foregoing reasons, Craig's § 2255 motion is due to be denied. A separate closing order will be entered.

Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Craig's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Craig's motion, it is due to be denied.

**DONE** AND **ORDERED** ON OCTOBER 6, 2017.

/s/ L. Scott Coogler
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704